UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JULIA MULDOWNEY,

    Plaintiff,

vs.

MACALUSO'S & CO., INC., a Florida profit corporation, MACALUSOS, INC., a Florida profit corporation, and MICHAEL D'ANDREA, an individual,

    Defendants.
_____/

COMPLAINT

## **COMPLAINT**

COMES NOW Plaintiff JULIA MULDOWNEY ("Ms. Muldowney" or "Plaintiff"), who was an employee of Defendants MACALUSO'S & CO., INC., a Florida profit corporation, MACALUSOS, INC., a Florida profit corporation, and MICHAEL D'ANDREA, an individual, ("Defendants"), and files this Complaint for unpaid minimum wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), 29 C.F.R. 531.35, and for a declaration of rights.

### I.     **NATURE OF THE CASE**

1. Ms. Muldowney worked for Defendants as a server in their restaurant named Macaluso's in Miami Beach, Florida. Ms. Muldowney was not paid for all hours suffered or permitted by Defendants. In addition, Ms. Muldowney was forced to participate in an invalid tip pool with non-tipped employees such as managers and owners, and was forced to pay excessive credit

1

card fees. By forcing Ms. Muldowney to work without being paid an hourly wage, to participate in an invalid tip pool with non-tipped employees such as manager and owners, and to pay excessive credit card fees, Defendants failed to satisfy the requirements of 29 U.S.C. § 203(m) and are required to pay Ms. Muldowney the full minimum and overtime wage, free and clear, for all hours worked, plus liquidated damages, attorneys' fees and costs.

2. Additionally, Ms. Muldowney seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## II. JURISDICTION AND VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

4. This Court has original jurisdiction over Plaintiff's federal question claims.

## III. PARTIES

5. Plaintiff JULIA MULDOWNEY is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

6. Defendants MACALUSO'S & CO., INC. is a Florida profit corporation that does business as Macaluso's restaurant.

7. Defendants MACALUSOS, INC. is a Florida profit corporation that does business as Macaluso's restaurant.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

8. MICHAEL D'ANDREA an individual and *sui juris*, was the owner and operator of MACALUSO'S & CO., INC. and MACALUSOS, INC. which did business as Macaluso's restaurant, the restaurant at which Ms. Muldowney was employed. D'Andrea acted directly and indirectly in the interest of MACALUSO'S & CO., INC. and MACALUSOS, INC. D'Andrea managed MACALUSO'S & CO., INC. and MACALUSOS, INC. and had the power to direct employees' actions. D'Andrea had management responsibilities, degree of control over MACALUSO'S & CO., INC.'s and MACALUSOS, INC.'s financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Michael D'Andrea an employer pursuant to 29 USC § 203(d).

### IV. COVERAGE

9. During the all material times, Defendants MACALUSO'S & CO., INC. and MACALUSOS, INC., together, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

11. During all material times, the enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## V. FACTUAL ALLEGATIONS

12. Defendants operate a restaurant known as Macaluso's, located at 1747 Alton Road, Miami Beach, Miami-Dade County, Florida.

13. Plaintiff Julia Muldowney was employed as a server by Defendants beginning on June 9, 2015, approximately, and ending on July 28, 2015, a period of approximately seven weeks, and worked an average of 37 hours per week.

14. During the Relevant Time Period, the applicable Florida minimum wage was $8.05 per hour.

15. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

16. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

17. Tips are the property of the person receiving them.

18. In the instant case, Ms. Muldowney was required to participate in an invalid tip pool with non-tipped employees, specifically managers and owners, in an illegal tip-pooling scheme in violation of the Act.

19. Ms. Muldowney was not paid an hourly wage for hours worked off the clock.

20. Ms. Muldowney was required to kickback a portion of her tips in the tip pool directly or indirectly to Defendants or to others for Defendants' benefit in violation of the FLSA and 29 C.F.R. 531.35, thus lowering her wages paid, free and clear, below even the minimum tipped-employee wage.

21. In the absence of a valid tip-pooling arrangement, tips belong to the recipient. "The practice of forced sharing of tips with management is an illegal practice, regardless of whether the members of management are also engaged in services that could be the subject of tipping." *Wajcman v. Invest. Corp. of Palm Beach,* WL 783741, * footnote 1 (S.D. Fla. March 20, 2008).

22. Ms. Muldowney was required to pay for impermissible business expenses in violation of the Act.

23. Ms. Muldowney was required spend more than twenty percent of her work time on sidework in violation of the Act.

24. Ms. Muldowney was not given proper notice of Defendants' policies regarding the tip credit.

25. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and must therefore pay Ms. Muldowney the full minimum wage, free and clear, for each hour worked.

26. Because of the nonpayment of wages, the institution and maintenance of the illegal tip-pooling scheme, and tip credit violations including excessive credit card fees during the Relevant Time Period, Defendants willfully engaged in practices that denied Ms. Muldowney the applicable minimum wage, free and clear, under the FLSA.

27. Ms. Muldowney retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

# COUNT I
# FAILURE TO PAY MINIMUM WAGE IN
# VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

28. Plaintiff reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein and further alleges as follows:

29. Defendants suffered or permitted Plaintiff to work without paying her an hourly wage for all hours worked.

30. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-pooling scheme with non-tipped employees.

31. Defendants willfully and intentionally forced Plaintiff to pay excessive credit card fees.

32. By suffering or permitting Plaintiff to work without paying her an hourly wage, by forcing Plaintiff to participate in an invalid tip pool with non-tipped employees, and by forcing Plaintiff to pay excessive credit card fees, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage, free and clear, for each hour worked up to forty hours in a week.

33. As a direct and proximate result of forcing Plaintiff to participate in an invalid tip pool with non-tipped employees, to work without pay, and to pay excessive credit card fees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JULIA MULDOWNEY demands judgment in her favor and against Defendants as follows:

a) Award to Plaintiff for payment of all hours worked up to forty per week at the full minimum wage, free and clear;

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Award to Plaintiff liquidated damages equal to the payment of all regular hours at the full minimum wage, free and clear, or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## DECLARATION OF RIGHTS

34. Plaintiff reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein and further alleges as follows:

35. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

36. Defendants did not rely on a good faith defense in not paying Plaintiff the applicable minimum wage under the FLSA.

37. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue, as many servers continue to work for Defendants under the same policies and practices outlined above.

38. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE, Plaintiff JULIA MULDOWNEY demands judgment in her favor and against Defendants as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 7th day of April, 2017.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **April 7, 2016**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808